## Miners & Merchants Deposit Bank of Portage Case.

652

Argued April 18, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Clarence E. Davis,* with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Carl D. Smith,* for appellees.

OPINION BY HIRT, J., September 27, 1944:

The Miners & Merchants Deposit Bank of Portage became insolvent in 1930 and was taken over for liquidation by the Secretary of Banking as receiver. At the time of closing, the records of the bank showed a deposit account of $3,200 in the name of John E. Evans. He owned stock in the bank and, on a deficiency of assets to pay its debts, was assessed $1,150 against his admitted liability as a stockholder. Six accounts were

filed by the receiver in the lower court; three of them contain items of distribution based on the above deposit. In the second account filed in 1932 the receiver claimed credit for a distribution dividend of $192 payable to John E. Evans and on confirmation of the account (no exceptions having been filed) retained that amount and credited it on the stock assessment. John E. Evans and Charles S. Evans were law partners. After the bank closed the receiver gave notice of the amount and status of the deposit, to John E. Evans whereupon as found by the court "notice was promptly given the receiver that the account of $3,200 was the property of Evans & Evans" and that the fund had been deposited in the account of John E. Evans in error. Two distribution dividends totaling $896 appear in the third partial account of the receiver and a supplement to it. Although no exceptions were filed, on confirmation of this account with its supplement, in 1937, checks for these dividends were drawn in the name of John E. Evans. Because of the undetermined claim of the partnership, the checks were not delivered but were held by the receiver pending final adjudication of ownership of the deposit. These amounts also appear in the sixth account, filed on July 31, 1941, as distribution dividends payable to John E. Evans. The question of title to the deposit was specifically raised by exceptions to the sixth account. In disposing of the exceptions the court upon sufficient evidence found that Evans & Evans owned the fund and directed that the dividends of $896 be paid to the partnership together with all future distributions on the deposit. Appellant (conceding that the evidence taken on the exceptions to the sixth account is sufficient to establish the partnership's title to the fund) contends that the confirmation of the third account with its supplement is conclusive as to the right of the receiver to apply the dividends there listed in the name of John E. Evans against his stock assessment.

At the time the bank was taken over, the duties of the receiver, as well as of the depositors in establishing their claims were fixed by the Banking Act of June 15, 1923, P. L. 809, amended as to §41 by the Act of May 28, 1931, P. L. 193. There is nothing in the stipulated statement of facts however which barred the partnership under these acts from continuing to assert its claim after the confirmation of the receiver's second account in 1932. It is conceded by both parties that the confirmation of that account did not prejudice the partnership in its claim to share in future dividends.

Prior to the filing of the third account of the receiver the above acts were repealed by the Department of Banking Code of May 15, 1933, P. L. 565, which became applicable to the processes of liquidation of the insolvent bank after July 3, 1933, its effective date. Although the receiver had notice of the claim of the partnership, in no one of the third, fourth or fifth accounts did he indicate that he had either allowed or rejected the claim. The confirmation of the third account cannot be construed as a rejection of the claim because the receiver instead of delivering the dividends to John E. Evans withheld them in accordance with §1010 of the Act, 71 PS 733-1010 "awaiting decision of the court on the ownership of the deposit." By so doing the receiver indicated that the confirmation of that account was not intended as a rejection of the claim. The claim remained "objected to" or "disputed" and since its status was undetermined it was the duty of the receiver under §1007 of the code to so state in "a separate list" of unadjudicated disputed claims in each of the above three accounts, 71 PS 733-1007. This was not done. Paragraph (B), §1010 provides that confirmation of the account *after* an adjudication *rejecting* a claim "shall be conclusive as to all matters therein." The confirmation of the third account *before* adjudication of the partnership's claim decided only the amount of the dis-

tribution dividend payable on the deposit, as to which there is no dispute, but nothing more.

The receiver's sixth account was the first unequivocal notice the partnership had of the rejection of its claim. The fact that the receiver in this account included the dividend items here in dispute also clearly demonstrates the understanding of the parties as to the effect of the confirmation of the third account. If the receiver had intended that his third account should operate as an adjudication of title to the deposit with finality, he would have rested upon the confirmation of that account and would not have claimed credit for the same dividends in a later account. The question of ownership of the deposit was properly raised by exceptions to the sixth account.

Order affirmed.